**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 3, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KARLA MARIELA ALDANA-
SALGUERO; K.E.M.O.; F.M.O.A.,

　　　　Petitioners,

v.

MERRICK B. GARLAND, United States
Attorney General,

　　　　Respondent - Appellee.

No. 21-9516
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **MORITZ**, and **ROSSMAN**, Circuit Judges.
_____

Petitioner Karla Mariela Aldana-Salguero moved before the Board of

Immigration Appeals (Board) to reopen her removal proceedings.[1]  The Board denied

her motion, and she petitions for review of the Board's decision.  We deny her

petition.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Two of Aldana-Salguero's minor children are also petitioners.

## I.  Background

Petitioner fled her home country, Guatemala, and came to the United States. Immigration officials caught her near the border.  In her removal proceedings, she conceded that she is removable and applied for asylum, restriction on removal, and protection under the Convention Against Torture.

To receive asylum, an applicant must be a "refugee."  8 U.S.C. § 1158(b)(1)(A).  A refugee is a person who is unable or unwilling to return to his or her country because of persecution or a well-founded fear of persecution on account of any of five protected grounds:  race, religion, nationality, membership in a particular social group, or political opinion.  *Id.* § 1101(a)(42); *Rodas-Orellana v. Holder*, 780 F.3d 982, 986 (10th Cir. 2015).  Restriction on removal prevents the government from removing a noncitizen to a country if his or her "life or freedom would be threatened in that country" based on one of those same five protected grounds.  8 U.S.C. § 1231(b)(3)(A).

Petitioner sought asylum and restriction on removal on the theory that, if she returns to Guatemala, she will suffer persecution based on her membership in a particular social group comprising single mothers.[2]  Her fear of this persecution stems from two problems she had in Guatemala—a neighbor assaulted her, and gangs extorted her.

---

[2] Initially, Petitioner also sought asylum and restriction on removal based on her nationality, but she later abandoned those claims.

2

Petitioner did not know why her neighbor assaulted her. One day the neighbor knocked on her door. When Petitioner opened the door, the neighbor insulted and assaulted her. The neighbor's father and son joined in the assault. Petitioner reported the neighbor to the police, and they went to court. A judge threatened to "issue a restriction against" the neighbor if it happened again. R. at 140. The neighbor never physically assaulted Petitioner after the court hearing, though the insults continued.

Petitioner's extortion started with anonymous letters threatening to kill her and her children unless she paid money. The extortionists knew where Petitioner's children went to school. In fact, one day after she picked up her daughter from school, armed men threatened her, reiterating that they would kill her or her daughter unless she paid them. She made two extortion payments before leaving Guatemala.

A few months before Petitioner's merits hearing in front of an immigration judge, her brother-in-law was murdered in Guatemala. At the hearing, Petitioner did not know why he had been murdered.

The immigration judge denied Petitioner's applications for asylum and restriction on removal. He denied her asylum claim in part because he found no nexus between the harm Petitioner suffered in the past or feared in the future and her status as a single mother. And he concluded that Petitioner's failure to satisfy the burden for asylum meant that she also failed to satisfy the burden for restriction. That is so because the burden of proof for restriction on removal is higher than the burden for asylum. *See Rodas-Orellana*, 780 F.3d at 986–87.

The immigration judge also denied Petitioner's application for protection under the Convention Against Torture. In contrast to asylum and restriction claims, a Convention Against Torture claim does not require a nexus between harm and a protected ground. *Cruz-Funez v. Gonzales*, 406 F.3d 1187, 1192 (10th Cir. 2005). The Convention Against Torture prevents the government from returning a noncitizen "to a country where it is more likely than not that he [or she] will be subject to torture by a public official, or at the instigation or with the acquiescence of such an official." *Id.* (internal quotation marks omitted). The immigration judge found that Petitioner did not show that a Guatemalan official would acquiesce in her torture.

Petitioner appealed the immigration judge's decision, and the Board summarily affirmed it. Petitioner did not seek judicial review.

About seven months after the Board's first decision, Petitioner moved to reopen the proceedings. The timing of her motion matters because, generally, a motion to reopen must be filed within 90 days of a final removal order. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). But an exception to this deadline exists for motions "based on changed circumstances arising in the country of nationality . . . if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." § 1003.2(c)(3)(ii); *see also* § 1229a(c)(7)(C)(ii).

Petitioner sought to reopen her proceedings based on information in a declaration from her sister that she attached to her motion.[3]  The declaration explained that, shortly after Petitioner left Guatemala, her sister moved into the house that Petitioner had lived in before she left.  After Petitioner left, extortion letters continued to arrive at the house.  Eventually the letters were directed to Petitioner's sister, but she ignored them.  Then Petitioner's sister's husband was shot and killed (as Petitioner testified at her hearing).  Petitioner's sister later received a letter informing her that her husband had been killed because she ignored the extortion letters.  The extortionists threatened to harm her children next, so she fled with them to the United States.

The Board found that Petitioner's motion to reopen did not establish changed circumstances.  It noted that Petitioner testified about her brother-in-law's murder at her merits hearing and that her sister's declaration did not identify when her sister left Guatemala for the United States.  Concluding that Petitioner's motion did not qualify for the changed-circumstances exception to the 90-day filing deadline for motions to reopen, the Board denied the motion as untimely.

## II.  Discussion

We review the denial of a motion to reopen for an abuse of discretion.  *Qiu v. Sessions*, 870 F.3d 1200, 1202 (10th Cir. 2017).  The Board abuses its discretion if "its decision provides no rational explanation, inexplicably departs from established

---

[3] Petitioner also attached other documents, such as her brother-in-law's death certificate, to her motion, but those documents are not relevant to our discussion.

policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (internal quotation marks omitted).

Petitioner argues that the Board abused its discretion by failing to recognize that she "provided new and material evidence to show changed circumstances." Pet'r Opening Br. at 8. Petitioner does not dispute that the evidence of her brother-in-law's murder is not new, for she herself testified about the murder at her merits hearing. She instead says that the revelation of *the reason* behind the murder is new. And, relying on her hearing testimony that her sister was in Guatemala at the time, she argues that her sister's departure from Guatemala must have occurred after the hearing even though her declaration does not provide the exact date of her departure. She further labels as new evidence the reason for her sister's flight from Guatemala—the threats against her sister's children.

But even if the evidence Petitioner highlights is new, it is not material. Material evidence, in this context, is evidence that "'would likely change the result in the case.'" *Maatougui v. Holder*, 738 F.3d 1230, 1240 (10th Cir. 2013) (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (B.I.A. 1992)). The immigration judge denied Petitioner's asylum application in part because she failed to show a nexus between any persecution and her status as a single mother. The declaration from Petitioner's sister does not help to remedy that failure. After all, the extortionists targeted Petitioner's sister while she was married, even if, as Petitioner notes, they continued to do so after her husband's death. For that reason, the declaration does not support the idea that the extortionists target single mothers. The immigration

6

judge denied Petitioner's claim under the Convention Against Torture because she did not show that she would suffer harm with the acquiescence of a public official. Yet her sister's declaration does not even mention a public official, let alone provide evidence suggesting that a public official would now acquiesce in Petitioner's torture.

Because Petitioner did not support her motion to reopen with material evidence, the Board did not abuse its discretion in denying the motion, and we need not consider her remaining challenges to the Board's decision.

III.  Conclusion

The petition for review is denied.

Entered for the Court

Nancy L. Moritz
Circuit Judge